IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60506
Summary Calendar
_____

PATRICIA SMITH,

                                        Plaintiff-Appellee,

versus

RANKIN COUNTY, MISS., ET AL.,

                                        Defendants.

SHANNON SMITH,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-449
---------------------
February 23, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Shannon Smith ["Deputy Smith"] appeals the district court's

denial of his motion for summary judgment based on qualified

immunity in a civil rights lawsuit brought by Patricia Smith

["Ms. Smith"].  The district court held that Deputy Smith was not

entitled to qualified immunity on Ms. Smith's claim that the

officer used excessive force on her.  We have jurisdiction to

review the district court's denial to the extent it turned on

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

matters of law, including whether any issues of disputed fact are material. Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir. 1998). Our review is de novo. Lemoine v. New Horizons Ranch and Ctr., Inc., 174 F.3d 629, 634 (5th Cir. 1999).

Deputy Smith argues that he is entitled to qualified immunity because the force he administered and the injuries suffered by Ms. Smith were de minimis. Viewing the summary-judgment evidence in the light most favorable to Ms. Smith, as we must on this appeal, we reject Deputy Smith's arguments. See Ikerd v. Blair, 101 F.3d 430, 434 & n.9 (5th Cir. 1996).

Deputy Smith contends that his actions were reasonable under the law that was clearly established in April 1998 because no Fifth Circuit case involved a use of force like the one alleged by Ms. Smith. When, as here, the legal standard that an officer must follow was clear, it is not required that the precise action in question have been held unlawful. See Gutierrez v. City of San Antonio, 139 F.3d 441, 445 (5th Cir. 1998).

AFFIRMED.